# United States Court of Appeals for the Fifth Circuit

---

No. 23-50532
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Rodriguez-Cornejo,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-120-5

---

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Andres Rodriguez-Cornejo challenges his jury conviction and within-Guidelines life sentence for conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 (punishing conspiracy), 841(a)(1) (outlawing possession of controlled substance with intent to distribute), 841(b)(1)(A)(viii) (setting penalty).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Rodriguez first contends the evidence was insufficient to establish he conspired to violate federal narcotics laws. Although review of a sufficiency challenge is *de novo*, "this review is . . . highly deferential to the verdict". *United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017) (citation omitted). "We search the record for evidence . . . support[ing] the convictions beyond a reasonable doubt and review the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury." *Id.* (alterations in original) (citations omitted).

A person "becomes a member of a drug conspiracy if he knowingly participates in a plan to distribute drugs, whether by buying, selling or otherwise". *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (*en banc*) (emphasis and citation omitted); *see also Westbrook*, 119 F.3d at 1189–90 (outlining evidence sufficient for drug-conspiracy conviction). For the following reasons, the district court did not err by denying Rodriguez' acquittal motion: the evidence was sufficient to support his conviction. *See United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997) ("[T]he jury is free to choose among reasonable constructions of the evidence".).

The evidence showed Rodriguez delivered kilogram quantities of methamphetamine to codefendant Gabriel Flores-Benitez, advised him on pricing, and discussed business strategy. Rodriguez testified at trial. His contentions on appeal do not negate the evidence that he repeatedly supplied Flores with methamphetamine on consignment, while knowing Flores was reselling it. *See United States v. Posada-Rios*, 158 F.3d 832, 860 (5th Cir. 1998) (explaining purchasing drugs on consignment "is 'strong evidence' of membership in a conspiracy because it indicates a strong level of trust and an ongoing, mutually dependent relationship").

Rodriguez' challenge to his sentence also fails. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid

significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Rodriguez asserts the court erred by failing to adequately explain its reasons for imposing the life sentence. That is a claimed procedural error. *See Gall*, 552 U.S. at 51 (identifying "failing to adequately explain the chosen sentence" as procedural error). Because he did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (explaining procedural error is not preserved by requesting lower sentence). Under that standard, Rodriguez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Even if the court clearly or obviously erred by failing to provide a sufficient explanation, Rodriguez does not contend, and the record does not show, a more detailed explanation would have resulted in a lesser sentence. *See, e.g.*, *Mondragon-Santiago*, 564 F.3d at 364–65 (concluding no plain error when defendant did not show explanation would have changed sentence).

No. 23-50532

Therefore, he does not show the claimed error affected his substantial rights. *See id.*; *Puckett*, 556 U.S. at 135.

And, to the extent Rodriguez challenges the sentence's substantive reasonableness, he does not rebut the reasonableness presumption applied to a within-Guidelines sentence. *See, e.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (discussing rebuttal of substantive-reasonableness standard).

AFFIRMED.